[No. 11508.   Department Two.   March 26, 1914.]

*In the Matter of the Estate of* PETER BRESSLER.

FLORA BELLE SPIES *et al.*, *Contestants*, v. GRACE MCARTHUR *et al.*, *Respondents.*[1]

Appeal from a judgment of the superior court for King county, Albertson, J., entered May 22, 1913, upon findings in favor of the executor, dismissing a will contest, after a trial on the merits to the court. Affirmed.

*Douglas, Lane & Douglas*, for appellants.

*Tucker & Hyland*, for respondents.

FULLERTON, J.—On November 22, 1910, Peter Bressler, being then in his 83rd year, executed his last will and testament, in which he made bequests to two of his four children of $1,000 each, and distributed the remainder of his property equally between the four. He named his nephew, Frederick S. Ward, and his daughter, Flora Belle Spies, as executor and executrix of the will, and provided that they should act as such without bonds. On February 4, 1911, he made a codicil to his will, naming Frederick S. Ward as sole executor thereof, providing that he might act as such without bonds, but made no other change in the original will. Mr. Bressler died on February 8, 1913, and shortly thereafter his will and codicil thereto were admitted to probate, and Ward appointed as sole executor thereof.

This proceeding was instituted by three of the beneficiaries under the will to have the codicil set aside as invalid and void and the appointment of Ward as sole executor annulled, on the ground of mental incapacity on the part of the testator at that time to make a will, and of undue influence exercised over him by Ward. Issue was taken on the allegations of the petition and a trial had, which resulted in findings by the court to the effect that the testator had mental capacity at the time of the execution of the codicil; that he was not acting under undue influence of Ward, or of any person; and that Ward was a suitable and proper person to act as executor of the will. Judgment was entered dismissing the contest proceedings.

The sole contention in this court is that the findings and judgment of the trial court are not in accord with the evidence. We think it would serve no useful purpose or add to the value of this opinion to review the evidence at length. Suffice it to say, therefore, that we have carefully read the evidence as abstracted by the appellant, and can find no reason to depart from the conclusion reached by the trial court.

The judgment is affirmed.

CROW, C. J., MOUNT, MORRIS, and PARKER, JJ., concur.

[1]Reported in 140 Pac. 1198.